IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONNIE E. TOWNSEND II,

    Plaintiff,

    v.

NATHAN KARLIN, et al.,

    Defendants.

Case No. 5:19-cv-03258-HLT

## MEMORANDUM AND ORDER

On May 4, 2020, the Court ordered Plaintiff Ronnie E. Townsend II to show cause in writing to the Court why it should not dismiss this case for lack of prosecution. Doc. 28. Plaintiff failed to respond to the Court's order. For the reasons discussed below, the Court dismisses Plaintiff's lawsuit without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b) and District of Kansas Rule 41.1.

**I.    BACKGROUND**

Plaintiff, proceeding pro se,[1] filed this action on December 18, 2019, asserting a federal claim under 42 U.S.C. § 1983 and several state law tort claims. Plaintiff's claims stem from his May 2019 arrest and subsequent detention. On March 18, 2020, Defendants moved to dismiss those claims under Rules 12(b)(1) and 12(b)(6). Doc. 24.

After Plaintiff failed to respond to Defendants' motion to dismiss, the Court entered an order to show cause on April 13, 2020, directing Plaintiff to both explain his failure to respond and actually respond to the motion to dismiss. Doc. 26. The Court advised Plaintiff that a failure to

---

[1] Because Plaintiff proceeds pro se, the Court liberally construes his pleadings and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id.*

respond to the show cause order as directed could result in the Court taking up the motion without the benefit of his response. *Id.* at 1-2. Finally, noting that Plaintiff had been released from custody but had not provided an updated address to the Court as required, the Court directed that the show cause order be sent to three separate addresses that have been either used by or attributed to Plaintiff during this litigation. *Id.* at 2. But despite the order's clear directive—and the steps taken by the Court to ensure its delivery—Plaintiff neither filed his opposition to the motion to dismiss nor responded to the show cause order.

Following Plaintiff's failure to respond as directed, the Court issued another show cause order on May 4, 2020. Doc. 28. In this show cause order, the Court—noting that it was disinclined to chase Plaintiff down to get him to proceed with a case that he initiated—directed Plaintiff to explain why his case should not be dismissed for lack of prosecution in accordance with Rule 41(b) and District of Kansas Rule 41.1. *Id.* at 2. The Court also directed Plaintiff to include updated contact information in his response. *Id.* Finally, the Court emphasized that "**failure to respond to this show cause order may result in dismissal of this case**." *Id.* (emphasis in original). The May 4, 2020 show cause order was sent by both regular mail and certified mail return-receipt requested to the three addresses either used by or attributed to Plaintiff during this case. But, as of the date of this order, Plaintiff has failed to respond in any manner.

## II.  ANALYSIS

Rule 41(b) authorizes a district court to dismiss an action sua sponte where the plaintiff fails to prosecute or to comply with procedural rules or a court order. *Davis v. Miller*, 571 F.3d 1058, 1060 (10th Cir. 2009); *see also* FED. R. CIV. P. 41(b). Here, the Court finds that Plaintiff's lack of prosecution and repeated failure to comply with the Court's orders merits dismissal under Rule 41(b). But that dismissal is without prejudice to Plaintiff's right to re-file. *See Davis*, 571

F.3d at 1060 (noting that "[d]ismissals pursuant to Rule 41(b) may be made with or without prejudice.").

In reaching this decision, the Court—although not bound to follow any particular procedures when dismissing an action without prejudice—finds the multifactor test set forth by the Tenth Circuit in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), instructive.[2] Under that test, the district court should consider the following factors in determining whether dismissal is justified: (1) the degree of actual prejudice to the defendant; (2) the amount of interference in the judicial process; (3) the culpability of the plaintiff; (4) whether the court warned the plaintiff that noncompliance likely would result in dismissal; and (5) whether lesser sanctions would be appropriate and effective. *Id.* at 921. These factors are not exhaustive, and courts need not weigh them equally. *Trevizo v. DG Retail, LLC*, 2015 WL 134301, at *2 (D. Kan. 2015). The Court analyzes each of the five *Ehrenhaus* factors as follows.

### A.     The Degree of Actual Prejudice to Defendants

Analyzing the first factor, the Court finds that the degree of actual prejudice to Defendants weighs in favor of dismissal. Plaintiff has imposed needless burden on Defendants by repeatedly failing to comply with the Court's orders, which has delayed the progression of this case. All of this comes at a cost to Defendants. The first *Ehrenhaus* factor weighs in favor of dismissal.

### B.     The Amount of Interference in the Judicial Process

The amount of interference in the judicial process likewise favors dismissal. Plaintiff has failed to respond to Defendants' motion to dismiss and has likewise failed to comply with multiple

---

[2] The Court notes that Rule 41(b) dismissals <u>with prejudice</u> require application of the *Ehrenhaus* factors. *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143-44 (10th Cir. 2007). But when, as here, a district court dismisses an action <u>without prejudice</u> under Rule 41(b), it "need not follow any particular procedures." *Id.* at 1143 n.10. Rather, whether dismissal without prejudice is justified depends on the procedural history of the case. *Petty v. Manpower, Inc.*, 591 F.2d 615, 617 (10th Cir. 1979). However, the Court nonetheless finds that application of the *Ehrenhaus* factors provides a helpful framework for its analysis.

Court orders (including both show cause orders), forcing the Court to repeatedly intervene in an attempt to secure Plaintiff's compliance with the rules. Further complicating matters is the fact that—since filing this lawsuit—Plaintiff was released from custody of the Johnson County Sheriff's Office but failed to update his address and contact information as required by this District's local rules. *See* D. KAN. R. 5.1(c)(3) (requiring a pro se plaintiff to "notify the clerk in writing of any change of address or telephone number"). This has resulted in further interference as the Court attempts to notify Plaintiff about this case. The Court thus finds that this factor also weighs in favor of dismissal.

### C. The Culpability of Plaintiff

Although the Court discerns no ill intent on the part of Plaintiff, Plaintiff is nonetheless culpable. Plaintiff has repeatedly failed to respond to or comply with the Court's orders. Further, as discussed, Plaintiff was released from custody but has not provided updated contact information to the Court, as he is required to do under the local rules. And, because Plaintiff proceeds pro se, he ultimately bears responsibility and cannot blame these failures on an attorney. It seems Plaintiff has lost interest in litigating this case. The Court therefore finds that Plaintiff bears some culpability and, accordingly, this factor weighs in favor of dismissal.

### D. Whether the Court Warned Plaintiff that Noncompliance Likely Would Result in Dismissal

The Court expressly warned Plaintiff that noncompliance could result in dismissal. Specifically, in its May 4, 2020 show cause order, the Court wrote: "**The Court emphasizes that failure to respond to this show cause order may result in dismissal of this case.**" Doc. 28 at 2 (emphasis in original). Based on this notice, the fourth *Ehrenhaus* factor weighs in favor of dismissal.

4

### E.     Whether Lesser Sanctions Would Be Appropriate and Effective

Finally, the Court considers the fifth factor: whether lesser sanctions would be appropriate and effective. Although dismissal can be a harsh remedy, this dismissal is without prejudice to Plaintiff's right to re-file this case, and a dismissal without prejudice is a lesser sanction than a dismissal with prejudice and still allows Plaintiff access to the court. *See, e.g.*, *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007) (noting that dismissal with prejudice is a "significantly harsher remedy" than dismissal without prejudice); *Williams v. UnitedHealth Grp.*, 2020 WL 1329455, at *3 (D. Kan. 2020) (same).

Further, any sanction short of dismissal without prejudice would not be effective. For example, given that Plaintiff proceeds in forma pauperis, monetary sanctions would be ineffective. *See Lewis v. Carrell*, 2015 WL 3966715, at *3 (D. Kan. 2015) (noting that "[m]onetary sanctions have little effect on a plaintiff whom the Court has permitted to proceed in forma pauperis"). As another example, Plaintiff's failure to update his address likely means he would neither receive nor comply with a lesser sanction. The Court finds that the fifth factor weighs in favor of dismissal.

In sum, the Court concludes that dismissal without prejudice to re-filing is appropriate.

THE COURT THEREFORE ORDERS that this case is DISMISSED WITHOUT PREJUDICE for failure to prosecute under Rule 41(b) and District of Kansas Rule 41.1.

THE COURT FURTHER ORDERS that Defendants' Motion to Dismiss (Doc. 24) is DENIED AS MOOT and WITHOUT PREJUDICE.

The Court directs the Clerk of Court to mail this order to the following addresses: (1) Johnson County Adult Detention Center, #077312, 101 N. Kansas Avenue, Olathe, Kansas 66061;

(2) 6809 Melrose Lane, Shawnee, Kansas 66203; and (3) 1320 Rowland Avenue, Kansas City, Kansas 66104.[3]

IT IS SO ORDERED.

Dated: May 27, 2020     /s/ *Holly L. Teeter*
                                                     HOLLY L. TEETER
                                                     UNITED STATES DISTRICT JUDGE

---

[3] The Court notes that these are the same three addresses to which the Court mailed its show cause orders, and represent (1) Plaintiff's last address of record, (2) an address where Plaintiff states he resides in his complaint, and (3) an address included in the certificate of service attached to Defendants' motion to dismiss.